1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JOSEPH BURT TRIGEROS,

              Petitioner,

    v.

PEOPLE OF RIVERSIDE
CALIFORNIA,

              Respondent.

Case No. 5:22-cv-00709-ODW-PD

**ORDER TO SHOW CAUSE RE:
DISMISSAL OF PETITION**

On April 17, 2022, Petitioner Joseph Burt Trigeros, a state prisoner in the custody of the California Department of Corrections, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1]  The Court issues this Order to Show Cause directed to

---

[1] The Petition was actually filed on April 20, 2022.  Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), a prisoner constructively files something on the day he gives it to prison authorities for forwarding to the relevant court.  *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Courts presume that is the day the prisoner signs the document unless there is evidence to the contrary.  *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended).  Here, Petitioner dated his Petition April 17, 2022.  The Court

1  Petitioner because the face of the Petition suggests that it is untimely and
2  unexhausted.

3  **I.      Procedural History and Petitioner's Contentions**

4          In November 2015, a Riverside County Superior Court jury convicted
5  Petitioner in Case No. RIF1501158 of felony possession of stolen property,
6  being a felon in possession of a firearm, and being a felon in possession of
7  ammunition.  *See People v. Trigeros*, No. E065345, 2017 WL 2644667, at *2
8  (Cal. Ct. App. June 20, 2017) (*Trigeros I*).  On January 29, 2016, he was
9  sentenced to eight years in state prison.  [*See* Pet. at 2.]  That same say, he
10 was also sentenced in Riverside County Superior Court to 14 years in state
11 prison in Case No. RIF1502073 following his conviction by a jury of one count
12 of inflicting injury on the mother of his child, one count of criminal threats
13 against his wife, and one count of being a felon in possession of ammunition.
14 *See People v. Trigeros*, No. E070460, 2020 WL 726670, at *1 & n.2 (Cal. Ct.
15 App. Feb. 13, 2020) (*Trigeros II*).  The sentencing court ordered that
16 Petitioner's eight-year sentence in Case No. RIF1501158 run consecutively to
17 the 14-year sentence in Case No. RIF1502073.  *See id.* at *1 n.2.

18         Petitioner appealed his conviction and sentence in Case No.
19 RIF1501158.  On June 20, 2017, the California Court of Appeal reduced his
20 possession-of-stolen-property conviction from a felony to a misdemeanor,
21 vacated his sentence, and ordered that he be resentenced.  In all other
22 respects, the court of appeal affirmed the judgment against him.  *Trigeros I*,
23 2017 WL 2644667 at *2.  Although the exact date of his resentencing is
24 unclear, it occurred no later than February 13, 2020.  *See Trigeros II*, 2020
25 WL 726670 at *1 n.2.  He did not appeal that sentence.  *See id.*; Cal. App. Cts.
26 Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Trigeros" and

27 _____

28 therefore uses that date as the Petition's constructive filing date.  *See Butler*, 752
   F.3d at 1178 n.1.

"Joseph" in court of appeal) (last visited Apr. 28, 2022).

Petitioner filed two habeas petitions concerning Case No. RIF1501158. First, before his filing his direct appeal, he filed a habeas petition in the Riverside County Superior Court, which denied the petition on March 28, 2016. [*See* Pet. at 7.] Second, on November 3, 2016, while his direct appeal was pending, he filed a habeas petition in the California Supreme Court, which denied the petition on December 21. *See id.*; Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Trigeros" and "Joseph" in supreme court) (last visited Apr. 28, 2022).

Petitioner also appealed his conviction and sentence in Case No. RIF1502073. On February 13, 2020, the California Court of Appeal remanded to the trial court to exercise its sentencing discretion concerning the imposition of two prior prison enhancements but otherwise affirmed the judgment. *See Trigeros II*, 2020 WL 726670 at *7. Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on April 29, 2020. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Trigeros" and "Joseph" in supreme court) (last visited Apr. 28, 2022). He does not indicate in his Petition what the sentencing court did on remand in Case No. RIF1502073.

In the instant Petition, Petitioner challenges his conviction in Case No. RIF1501158. Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following claims:

(1) the prosecution violated due process by failing to preserve exculpatory evidence;

(2) the trial court erred in failing to dismiss a burglary count against him after the jury was unable to reach a verdict on that count;

(3) his conviction must be reversed because it is based on perjured

witness testimony;

(4) trial counsel provided ineffective assistance by failing to have the stolen property underlying his convictions tested; and

(5) appellate counsel provided ineffective assistance.

[*See* Pet. at 3-5, 8-15.]

## II.     Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition.  Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).  As explained below, a review of the Petition shows that it is subject to dismissal as untimely and unexhausted, and Petitioner therefore must show cause as to why the Petition should not be dismissed.

### A.     The Petition is Untimely on Its Face

#### 1.     The Limitations Period

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year limitations period runs from the latest of the four following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

2
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

4
28 U.S.C. §§ 2244(d)(1)(A)-(D).  The Ninth Circuit has held that "the judgment

5
from which the AEDPA statute of limitations runs is the one pursuant to

6
which the petitioner is incarcerated."  *Smith v. Williams*, 871 F.3d 684, 687

7
(9th Cir. 2017).

8
The instant Petition challenges the conviction and amended sentence in

9
Case No. RIF1501158.  *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir.

10
2017) (statute of limitations runs from amended judgment and not the

11
original judgment, as petitioner is being held pursuant to amended

12
judgment).  As related above, the trial court in that case resentenced

13
Petitioner no later than February 13, 2020.[2]  *See Trigeros II*, 2020 WL 726670

14
at *1 n.2.  Because he did not appeal his amended sentence, the judgment

15
became final no later than April 13, 2020, when the 60-day period to file an

16
appeal would have expired.  *See* Cal. Rule of Court 8.308(a).  Accordingly, the

17
one-year limitations period for seeking federal habeas relief ended one year

later, on April 13, 2021.  *See* 28 U.S.C. § 2244(d)

18
Petitioner constructively filed the instant Petition over one year after

19
that deadline, on April 17, 2022.  He does not contend that he is entitled to a

20
later trigger date of the limitation period under § 2244(d)(1)(B), (C), or (D),

21
and no such basis is apparent to the Court.  On the contrary, based on his

22
allegations, Petitioner was evidently aware of all of his current claims long

23

24
_____

[2] Based on the information before it, the Court cannot determine when Petitioner

25
was resentenced in Case No. RIF1501158; however, in its decision dated February

13, 2020 addressing Petitioner's appeal in Case No. RIF1502073, the court of appeal

26
observed that he already had been resentenced in Case No. RIF1501158.  *See*

*Trigeros II*, 2020 WL 726670 at *1 n.2.  Thus, for purposes of this Order to Show

27
Cause only, the Court will conclude that February 13, 2020, was the date on which

28
he was resentenced.  In so concluding, the Court has no doubt that he was

resentenced well before that date.

5

before his conviction became final.  Consequently, the present action is untimely unless he is entitled to statutory or equitable tolling of the limitation period.[3]

## 2.    Statutory Tolling

The one-year limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time.  *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, the statute is tolled for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies regarding a particular post-conviction application.  Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).

Here, Petitioner does not appear to be entitled to any statutory tolling. He has not filed any state habeas petitions since his conviction became final. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for

---

[3] The same is true even if the Court treats Petitioner's petition for review in Case No. RIF1502073 as the final stage of his direct review process in Case No. RIF1501158.  He did not file a petition for writ of certiorari in the Supreme Court from that denial.  *See* U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (search for "Trigeros" with "Joseph" yielding no relevant results) (last visited Apr. 28, 2022).  Thus, his conviction would have become final on July 28, 2020, ninety days after his petition for review was denied.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (when petitioner does not seek writ of certiorari, one-year limitation period begins to run on when ninety-day period defined by Supreme Court Rule 13 expires).  The limitation period therefore would have expired one year later on July 28, 2021 – that is, over eight months before he constructively filed the Petition on April 17, 2022.

6

"Trigeros" and "Joseph" in court of appeal and supreme court) (last visited Apr. 28, 2022).   Although he filed two habeas petitions before then, neither petition tolled the limitation period.  *See Torlucci v. Evans*, 364 F. App'x 338, 339 (9th Cir. 2010) ("Petitioner's first habeas petition . . . was incapable of tolling the statute of limitations because it was filed before petitioner's conviction was final.").   What is more, even if he were to file a state habeas petition now, it would not toll the limitations period because that period already has expired.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run").

### 3.    Equitable Tolling

The one-year limitations period is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To qualify, a petitioner has the burden to demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing.  *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).  Here, Petitioner has alleged no facts that warrant equitable tolling of the limitations period.

In sum, it appears that Petitioner has failed to file a federal habeas petition within one year of the date on which the AEDPA's one-year limitation period began to run.  He does not appear to be entitled to any statutory tolling and has alleged no facts to warrant equitable tolling or a later start date of

the limitation period.  Thus, the Petition appears to be untimely and subject to dismissal on that basis.

## B.   The Petition Is Unexhausted

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.  Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it.  *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, it appears that the Petition is completely exhausted.  Petitioner evidently did not file a petition for review in Case No. RIF1501158.  What is more, his direct appeal in that case challenged only whether his conviction for possession of stolen property should have been a felony or a misdemeanor.  *See Trigeros I*, 2017 WL 2644667 at *1-2.  Thus, even if he had filed a petition for review in Case No. RIF1501158, he could not have asserted any of his current claims in that petition.  *See* Cal. Rules of Court, rule 8.500(c) (stating that California Supreme Court generally does not consider issues in petition for review that "the petitioner failed to timely raise in the Court of Appeal"); *Lopez v. Ledesma*, 12 Cal. 5th 848, 866 (2022) (adhering to rule precluding party from raising claim for first time in petition for review and explaining that "infrequent" exception to this rule is justified only when claim involves "'extremely significant issues of public policy and public interest'" (quoting *Flannery v. Prentice*, 26 Cal. 4th 572,  591 (2001)).  Petitioner likewise could not have asserted any of his current claims in the petition for review that he filed in Case No.  RIF1502073 because his direct appeal in that case asserted

8

only instructional and sentencing errors, *see Trigeros II*, 2020 WL 726670 at *3-7, neither of which is alleged in the current Petition.  Although the Court lacks information concerning the claims that he asserted in the one habeas petition that he filed in the state supreme court, he does not indicate that they included any of his current claims.  On the contrary, he did not even identify the supreme court habeas petition in the instant Petition.  There is thus no reason to conclude that that petition included any of his current claims.

In short, the Petition appears to be completely unexhausted and subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.   Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to do the following **by no later than by June 10, 2022**:

(1) He must show cause as to why the Petition should not be dismissed as untimely.  If he contends that he is entitled to tolling of any kind or a later start date of the limitation period, he must allege specific facts to support that contention and provide any reasonably available supporting documentation.

and

(2) If Petitioner maintains that the Petition is timely, he must also show cause as to why the Petition should not be dismissed as completely unexhausted.  If in fact the Petition is unexhausted, Petitioner may file a motion asking the Court to stay the Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings.  *See* 544 U.S. at 277-78 (stay under *Rhines* is appropriate only if petitioner shows good cause for his failure to earlier exhaust claim in state court, unexhausted claim is not "plainly meritless," and petitioner has not engaged in "abusive litigation tactics or intentional delay").  He is advised now, however, that he is not

required to obtain a stay before he starts the process of exhausting any unexhausted claim. Nothing prevents him from immediately returning to state court to attempt to exhaust his unexhausted claims.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by June 10, 2022, as a concession on his part that the Petition is in fact untimely. In that event, the Court will recommend that the Petition be dismissed with prejudice as untimely**.

**IT IS SO ORDERED**.

DATED: May 2, 2022

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE